

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

MICHAEL LYNN GRAY,

    Plaintiff,

v.

CAMPBELL COUNTY, TENNESSEE,
and RON McCLELLAN, SHERIFF
OF CAMPBELL COUNTY, TENNESSEE,

    Defendants.

No. 3:03-cv-689

Phillips/Shirley

## COMPLAINT- CLASS ACTION

### I. PRELIMINARY STATEMENT

1.     This is a civil rights action by Plaintiff and a class action by men and women being held in the Campbell County Jail in Jacksboro, Tennessee. Plaintiff seeks damages and injunctive and declaratory relief for violations of his rights and the rights of the class under the United States Constitution. Plaintiffs and the class contend that the conditions of confinement at the Campbell County Jail are inhumane, inflict needless punishment on inmates, and create an environment which threatens and causes unnecessary harm to their physical and mental health. Plaintiff and the class seek to alleviate unsanitary conditions, lack of adequate medical care, dental care, and mental health care, lack of exercise and recreation, lack of access to legal materials and legal assistance, lack of fire safety, lack of basic hygiene materials, lack of adequate supervision, heightened levels of violence, and



other unconstitutional conditions at the facility. This action is brought pursuant to 42 U.S.C. § 1983.

## II. JURISDICTION

2. Jurisdiction is conferred on this Court by 28 U.S.C. § 1343 (3) and (4), providing for original jurisdiction without regard to the amount in controversy in suits authorized by 42 U.S.C. § 1983, and is further conferred by 28 U.S.C. § 1331, providing for jurisdiction in cases arising under the Constitution and laws of the United States.

## III. PARTIES

3. Plaintiff Michael Gray is a citizen and resident of Campbell County, Tennessee, and was recently incarcerated in the Campbell County Jail.

4. Defendant Ron McClellan is the duly elected Sheriff of Campbell County, Tennessee, and has responsibility for the administration, maintenance, and operation of the Campbell County Jail and for custody of all of its inmates.

5. Defendant Campbell County, Tennessee, is a governmental entity organized and existing pursuant to laws of the State of Tennessee.

## IV. CLASS ACTION ALLEGATIONS

6. Plaintiff brings this action on his own and on behalf of all others similarly situated pursuant to Rules 23(a) and (b)(1) and (2) of the Federal Rules of Civil Procedure. Plaintiff represents a class composed of all persons who have been incarcerated, are incarcerated, or who will be incarcerated in the Campbell County Jail. He also represents a subclass composed of all pretrial detainees who are, have been, or who will be incarcerated in the

Campbell County Jail and a subclass composed of all TDOC sentenced inmates who are or will be incarcerated in the Campbell County Jail.

7. This is a proper class action pursuant to Federal Rule of Civil Procedure 23(a) in that the prerequisites of said Rule are satisfied by the identified class and subclasses:

   A. Persons making up the class and subclasses are numerous and the identity and number of members of the class and subclasses are indefinite. The persons comprising the class and subclasses changes as present inmates leave the Campbell County Jail and additional persons are incarcerated. Approximately 200 persons are now confined in the Campbell County Jail.

   B. Questions of law and fact are common to the class and subclasses. All of the class members suffer from the unconstitutional conditions of the Campbell County Jail alleged in this Complaint. Questions of law regarding the constitutionality of such conditions are common to all members.

   C. The claims of the named Plaintiff is typical of the claims of the class. The named Plaintiff was incarcerated in the Campbell County Jail and was exposed to the same unconstitutional conditions as those experienced by the class.

   D. The named Plaintiff is represented by competent counsel and will fairly and adequately protect the interests of the class. The named Plaintiff's interests are identical to those of the class members,

3

namely, relief from the unconstitutional conditions at the Campbell County Jail.

8. Pursuant to Federal Rule of Civil Procedure 23(b), this action can be maintained as a class action. Prosecution of separate actions by individual class members would create a risk of inconsistent or varying adjudication with respect to individual members which might create incompatible standards of conduct for the Defendants. Adjudications with respect to individual class members would, as a practical matter, dispose of the interests of other members not parties to the adjudication. Further, the Defendants have acted or refused to act on the grounds generally applicable to the class and subclasses. The Defendants' failure and refusal to operate and maintain the Campbell County Jail in a manner and status consistent with the constitutional rights of the named Plaintiff, the class, and subclasses as guaranteed by the United States Constitution makes appropriate the granting of final injunctive and declaratory relief with respect to the class and subclasses as a whole.

## V. FACTUAL ALLEGATIONS

9. The Campbell County Jail is located next to the Campbell County Courthouse in Jacksboro, Tennessee. It is a one story structure with several cellblocks.

9. The Campbell County Jail was not designed to incarcerate inmates serving long sentences; rather, it was designed as a short term holding facility for persons awaiting trial, or serving short misdemeanor sentences.

4

10. The jail has beds for 48 inmates, but is housing more than twice that number of inmates at any given time. In fact, the Campbell County Jail is the most overcrowded jail in the State of Tennessee. Given the size and design of the jail and the current characteristics of its inmates and the length of their sentences, the jail cannot hold 48 inmates and meet humane conditions of incarceration required by the United States Constitution.

11. The Campbell County Jail consists of several cells, each holding various numbers of inmates. Routinely, due to the number of people incarcerated, inmates have to sleep on the floor for extended periods of time. Often, inmates sleeping on the floor do not even get a mat.

12. The cells are small, unsanitary, cramped, and so badly ventilated that the air is stagnant and has foul odors. The plumbing is old and in many cases non-functional. Leaks in the shower and toilet plumbing result in water pooling on the floors of the cells. Inmates are frequently denied access to hot and/or cold water due to plumbing problems.

13. Lighting throughout the facility is inadequate. In some cells, the lighting is so poor that the inmates do not have enough light to read or write.

14. The jail does not have adequate staff to handle its current inmate population. At all times, but especially at night, the staff is so limited that even routine inmate needs such as dispensing medicine or responding to medical problems, accidents, etc. go unmet. The number of staff is inadequate to respond effectively to a serious emergency, such as fire, inmate assaults, or disturbances. Moreover, there is no routine pattern of checking on the

inmates.

15. Inmates are not given sufficient cleaning supplies and equipment to keep their living space clean. As a consequence, the areas are often dirty, infested with vermin and stink. The place is full of cockroaches.

16. Most cells are poorly ventilated so that the air is stagnant. Stagnant air throughout the facility can be expected to cause and exacerbate sinus problems and other respiratory illnesses among inmates and visitors. The heating and air conditioning function so poorly that during the winter, there is little, if any heat and in the summer, little, if any cooling. Staff do not issue inmates appropriate clothing for the extreme cold.

17. Jail staff are separated from the jail by sight and sound, with camera surveillance only on the hallway.

18. The Campbell County Jail lacks written policies to govern behavior of staff and inmates, including a policy or procedure manual governing the operation of the jail; written regulations governing response to emergencies such as fire or medical emergencies; written policies or rules governing inmate infractions, disciplinary actions and disciplinary hearings; written policies governing visitation; and written policies governing the classification and separation of inmates who are violent or otherwise incompatible with the general population.

19. Inmates at the Campbell County Jail have been denied medical care, dental care, and mental health care. The Defendants do not provide adequate space, jail staff, medical personnel or a medical budget to meet the basic

level of health care required by the number of men and women now incarcerated in the jail. Prescription medicine is often delivered late, or not delivered at all, and prescriptions are allowed to lapse without refilling. Inmates must wait long periods of time for urgently needed medical care for problems such as abscessed teeth, sinus infections, etc. Some inmates with long established histories of medical problems do not receive regular medical care. Inmates are refused their medication and refused the opportunity to see a physician despite repeated requests. Defendants are aware of and have shown deliberate indifference to such problems, which could be expected to cause not only unnecessary pain and suffering, but long term, permanent or life threatening health problems for inmates.

20. Inmates at the Campbell County Jail do not receive adequate opportunity for exercise, recreation or fresh air. There exists no outdoor enclosed area for inmates. Moreover, inmates are not afforded any exercise or sports equipment. Inside personal exercise or calisthenics can not be conducted without bothering other inmates. Adequate floor space does not exist for such activities. Given the length of time that inmates spend in the facility, the lack of opportunity for exercise and physical recreation constitutes a serious violation of the inmates' minimal rights to humane treatment guaranteed by the United States Constitution.

21. The jail does not afford inmates the opportunity to have adequate access to legal materials. It does not have a law library. The jail's staff does not provide requested legal volumes. The jail does not allow typewriters or

7

provide other writing materials, copying services, postage or envelopes which are required to allow inmates to exercise their right to have access to the courts.

22. Cells do not have adequate potable water and inmates are denied the opportunity to keep themselves clean. Some cells have only cold water.

23. The jail does not have sufficient personnel or adequate and reliable equipment to insure safe evacuation of inmates in the event of fire. The number of staff on duty at any given time, especially at night, is inadequate to evacuate inmates safely. Locks have to be opened by hand. The jail has not held a fire drill for inmates in recent years.

24. Inmates are subject to great stress as a result of the overcrowding. This results in increased levels of violence among the inmates. Inmates are subject to random acts of violence by other inmates.

25. The subclass of inmates who are pretrial detainees have a right to detention that does not amount to punishment. As a direct consequence of the conditions at the Campbell County Jail, pretrial detainees are regularly subjected to unmerited and unwarranted punishment. They are subjected to the same conditions as inmates already convicted of a crime.

26. The subclass of inmates that have been sentenced to the Tennessee Department of Corrections (TDOC) are denied the right of incarceration at the State penitentiary, including the ability to participate in educational, vocational and rehabilitative programs. They can not earn sentence reduction credits or parole eligibility credits. TDOC sentenced inmates often

remain confined at the jail for a year or more before being accepted into a State penitentiary. They must serve longer periods of time, under harsher conditions, than inmates with the same or greater sentences for similar offenses who do not enter the State penitentiary system.

27. Defendants have long had actual knowledge of the inhumane conditions and constitutional violations which inmates suffer at the Campbell County Jail. Grand Jury reports, Jail Committee Reports to the Board of Commissioners, narrative, statistical and management reports by the Sheriff's Department and public complaints by inmates and visitors have all established the violations described in this Complaint. Defendants have been grossly negligent or have acted willfully and wantonly in failing to correct the conditions which Plaintiffs suffer.

## FACTUAL ALLEGATIONS OF PLAINTIFF GRAY

28. Plaintiff, Michael Gray, was most recently incarcerated in the Campbell County Jail in June of 2003. He has been in the jail on other occasions in the last several years.

29. Three days into his 30 day confinement at the Campbell County Jail, he was viciously attacked by other inmates in the middle of the night. The inmate attackers were attempting to rob him of some jewelry that he had on himself. Unfortunately, the jailers had not taken his jewelry and stored it for him during his incarceration. The attacker twisted his arm and kicked him.

30. Plaintiff Gray attempted to rouse the jailers for protection, but received no response. No jailer came by until the next day, when he was finally allowed

to seek medical care. The physician told him there was nothing wrong with him, and sent him back to his cell.

31. During his stay at the jail, he continued to complain and to try to see the physician, but he could not get any medical care at the jail. When he was released, he headed straight for the emergency room, and learned that he has a torn rotator cuff with nerve problems and/or torn muscles. It is obvious that his muscles have atrophied, and he has lost use of his right shoulder. As a consequence, he is unable to work, and is now unemployed.

32. Plaintiff avers that the authorities were deliberately indifferent to his safety and security and his serious medical needs and that as a consequence, he has endured great pain and suffering and, in addition, has received injuries which are permanent in nature.

## DECLARATORY JUDGMENT

33. An actual, substantial controversy now exists between the Plaintiff and the Defendants in that the Plaintiff contends that the conduct of the Defendants and the conditions for which they are responsible, as above described, are unlawful and unconstitutional. Unless this Court grants declaratory relief to the Plaintiffs and the classes they represent, these unlawful acts, practices, policies and admissions will not cease.

34. As a result of the actions and inactions of the Defendants, men and women in the Campbell County Jail have suffered, are suffering, and will continue to suffer irreparable injury and loss for which they have no adequate remedy at law unless the Defendants are required to take affirmative action to

Constitution.

B. The conditions of confinement Plaintiff and the class he represents, suffer are so extreme as to constitute cruel and unusual punishment in violation of the Eighth and Fourteenth Amendments to the United States Constitution.

C. The Plaintiff and the class he represents, conditions of confinement are severely punitive in nature and effectively punish Plaintiff and the subclass of pretrial detainees that he represents, depriving them of life and liberty without due process of law, and contravening the presumption that an individual is innocent until proven guilty, all in violation of the Fifth, Eighth and Fourteenth Amendments to the United States Constitution.

D. The Defendants' failure to offer TDOC sentenced inmates opportunities for educational, vocational, and rehabilitative programs, and to allow them sentence reduction and parole credits deny this subclass of their rights under the Fifth, Eighth and Fourteenth Amendments to the United States Constitution.

## PRAYER FOR RELIEF

WHEREFORE, PLAINTIFFS RESPECTFULLY REQUEST THAT THIS COURT:

1. Determine by Order that the declaratory and injunctive portion of this preceding Complaint may be maintained as a class action pursuant to Rule 23(a) and (b)(1) and (2) of the Federal Rules of Civil Procedure.

2. Issue injunctive relief against the Defendants, their successors in office and

alleviate the effects of their unlawful behavior. They face a danger of irreparable physical and psychological harm from the threat of violence, lack of fire safety, poor sanitation, lack of medical and dental care, lack of personal hygiene, acute lack of ventilation, tension, fear, and other conditions caused by Defendants' actions and inactions. The rights of the Plaintiff and the class that he represents are among the most fundamental to our system of justice. The Defendants' past and continuing conduct will irreparably injure Plaintiffs' fundamental constitutional rights to be free from arbitrary and capricious government action.

## CLAIMS FOR RELIEF

35. The Defendants have acted with gross negligence or with knowing and wanton disregard of Plaintiffs' rights and have failed to alleviate, or provide resources to alleviate violations of Plaintiffs' constitutional right to humane living conditions, to be reasonably free from threats of violence, to adequate medical and dental care, to be safely evacuated in the event of fire, to have reasonable access to the courts, to have reasonably sanitary living quarters, and to have reasonable supplies and opportunities for personal hygiene.

36. A. The conditions of confinement alleged in this Complaint deprive Plaintiff and the class he represent of their inalienable rights as human beings to be treated with decency and dignity as guaranteed by the Ninth and Fourteenth Amendments to the United States Constitution, as well as the right of privacy as guaranteed by the Fourth, Ninth and Fourteenth Amendments to the United States

11

their agents or employees, and all persons in consort with them, on behalf of the Plaintiffs and the class and subclasses requiring that:

- A. Defendants refrain from accepting into custody into its jail facilities more inmates than can be incarcerated in a constitutional manner.
- B. Defendants submit to this Court within sixty (60) days a plan that will insure that Plaintiff and the class and subclasses that he represents are afforded all of their constitutional rights while incarcerated in the Campbell County Jail.

3. Declare on behalf of the Plaintiff and the class and subclasses he represents that the acts, practices and omissions of the Defendants:

- A. Have subjected Plaintiff and the class and subclasses he represents to cruel and unusual punishment within the meaning of the Eighth and Fourteenth Amendments to the United States Constitution;
- B. Have deprived Plaintiff and the class and subclasses he represents to their right to privacy and inalienable rights as human beings to be treated with decency and dignity as guaranteed by the United States Constitution;
- C. Have deprived Plaintiffs and the class and subclasses they represent of their right to fair treatment and punishment, once sentenced, within the penal system; in violation of their rights under the Fifth and Fourteenth Amendments to the United States Constitution.

4. Award compensatory damages to the Plaintiff.
5. Enjoin Defendants from transferring any class members to any other jail or

detention facility that does not accord the inmates their constitutional rights.

6. Retain jurisdiction over this case until such time as the Court is satisfied that the unconstitutional conditions, practices and policies, acts and omissions alleged herein no longer exist and will not recur.

7. Award reasonable attorneys fees to the Plaintiffs' attorney pursuant to 42 U.S.C. §1983.

8. Assess all costs in this action against Defendants.

9. Grant such other, further and general relief to Plaintiff and the class to which they may show themselves entitled.

Respectfully submitted this 17th day of December, 2003.

_____
John E. Eldridge (BPR # 06667)
Attorney for Plaintiffs
ELDRIDGE, IRVINE & GAINES, PLLC
606 W. Main Street, Suite 350
P.O. Box 84
Knoxville, TN 37901-0084
(865) 523-7731

C:\Documents and Settings\Shannon\My Documents\John\Campbell County Jail\complaint.wpd